John T. Gilbert, #004555
Thomas V. Rawles, #004425
**ALVAREZ & GILBERT, PLLC**
Northsight Financial Center
14500 N. Northsight Blvd., Suite 216
Scottsdale, Arizona 85260
(602) 263-0203 (phone)
(480) 686-8708 (facsimile)
jgilbert@alvarez-gilbert.com
trawles@alvarez-gilbert.com

Jerry S. McDevitt  (*pro hac vice* to be filed)
Curtis B. Krasik  (*pro hac vice* to be filed)
**K&L GATES, LLP**
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
(412) 355-6500 (phone)
(412) 355-6501 (facsimile)
jerry.mcdevitt@klgates.com
curtis.krasik@klgates.com

Attorneys for Defendant
World Wrestling Entertainment, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| ANDREW GREEN and STACI GREEN, husband and wife,<br><br>            Plaintiffs,<br>     vs.<br><br>PAUL D. WIGHT, JR. a/k/a BIG SHOW, an individual, WORLD WRESTLING ENTERTAINMENT, INC., a foreign corporation doing business in Arizona, DOES 1-30, XYZ CORPORATIONS 1-30, and BLACK AND WHITE PARTNERSHIPS 1-30,<br><br>            Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL** |

1    PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant World Wrestling Entertainment, Inc. ("**WWE**") hereby removes the above-captioned case (the "**State Court Action**") from the Superior Court of the State of Arizona in and for the County of Maricopa (the "**Superior Court**") to the United States District Court for the District of Arizona.  In support thereof, WWE states as follows:

2.    1.    On or about April 5, 2013, the above-captioned plaintiffs ("**Plaintiffs**") filed the State Court Action, which was docketed at No. CV 2013-003255.  Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants in the State Court Action as of the filing of this Notice of Removal is attached as Exhibit 1, and is incorporated by reference herein and made a part hereof.

3.    2.    Plaintiffs served WWE with the summons and complaint in the State Court Action on April 19, 2013 through WWE's registered agent in Delaware.

4.    3.    The complaint alleges claims against WWE for negligence, invasion of privacy, intentional infliction of emotional distress, negligent infliction of emotional distress, commercial appropriation of likeness, unjust enrichment, intentional tort, accounting/constructive trust, negligent hiring, negligent retention, and negligent training/supervision.

5.    4.    28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

6.    5.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, which provide for the Court's federal question jurisdiction.  Thus, removal to this Court is proper under 28 U.S.C. § 1441(a).

7.    6.    28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United

2

States."  Further, pursuant to 28 U.S.C. § 1338, "[t]he district courts have original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights."

7. While Plaintiffs do not allege federal claims, their state law claims for negligence, invasion of privacy, intentional infliction of emotional distress, negligent infliction of emotional distress, commercial appropriation of likeness, unjust enrichment, intentional tort, and accounting/constructive trust each is predicated on WWE allegedly posting and maintaining on its website video footage of an interview involving Plaintiff Andrew Green and Defendant Paul Wight a/k/a Big Show (the "**Interview**").  Plaintiffs also seek damages for, among other things, an accounting of profits and restitution/equitable distribution of commercial profits arising from WWE allegedly posting and maintaining on its website video footage of the Interview.

8. Such claims are completely preempted by federal copyright law and, therefore, "arise under" federal law for purposes of federal question jurisdiction.  *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 24 (1983) ("[I]f a federal cause of action completely preempts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law."); *Hall v. North American Van Lines, Inc.*, 476 F.3d 683, 687 (9th Cir. 2007) ("A complaint containing a completely preempted claim may be removed to district court under § 1441.").  It is well-established in the Ninth Circuit that "the 'complete preemption doctrine' provides an exception to the general proposition" that a case may not be removed to federal court on the basis of a federal defense.  *In re Miles*, 430 F.3d 1083, 1088 (9th Cir. 2005).  "The Supreme Court has concluded that the preemptive force of some federal statutes is so strong that they 'completely preempt' an area of state law. . . . In such instances, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.*  (citations omitted).

9. Copyright law is one such federal statute to which the complete preemption doctrine applies.  Every Federal Circuit to address the issue has uniformly concluded that state law claims preempted by § 301 of the Copyright Act are completely preempted such

1 that federal subject matter jurisdiction exists over those claims. *See*, *e.g.*, *Globe-Ranger Corp. v. Software AG*, 691 F.3d 702, 705 (5th Cir. 2012); *Ritchie v. Williams*, 395 F.3d 283, 285-87 (6th Cir. 2005); *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 303-05 (2d Cir. 2004); *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 230-33 (4th Cir. 1993). *See also Bierman v. Toshiba Corp.*, No. 11-15262, 2012 WL 1952122, at *2 (9th Cir. May 31, 2012) (Wallace, J. concurring) ("I would have joined the Second, Fourth, and Sixth Circuits in holding that claims preempted by §301(a) of the Copyright Act are regarded as arising under federal law, and therefore can support removal.").

10. In *Bierman*, the Ninth Circuit affirmed the district court's dismissal of two causes of action as preempted by Section 301 of the Copyright Act. *Bierman*, 2012 WL 1952122, at *2. The case was removed to federal court on the grounds that the state law claims at issue were completely preempted by the Copyright Act. *See Bierman v. Toshiba Corp.*, No. C-10-4203 MMC, 2010 WL 4716879, at *1 (N.D. Cal. Nov. 12, 2010). In fact, the district court cited *Ritchie, Briarpatch*, and *Rosciszewski* and stated, "[t]he Court finds the reasoning of such cases to be persuasive." *Id.* at *1 n.1. Significantly, the Ninth Circuit did not take issue with the district court's assertion of subject matter jurisdiction on the basis of complete preemption under the Copyright Act. Moreover, the concurring opinion by Senior Circuit Judge Wallace noted that while the majority opinion did not directly address the propriety of the district court's federal subject matter jurisdiction to dismiss the claims as preempted, he "would have joined the Second, Fourth, and Sixth Circuits in holding that claims preempted by § 301(a) of the Copyright Act are regarded as arising under federal law, and therefore can support removal." *See Bierman*, 2012 WL 1952122, at *2.

11. The Ninth Circuit has made clear that:

> Section 301 of the [Copyright] Act provides for exclusive jurisdiction over rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified in the Act. "The intention of Section 301 is to preempt and abolish any rights under the common law or statutes of a State that are equivalent to copyright and that extend to works within the scope of Federal copyright law."

*Jules Jordan Video, Inc. v. 144942 Canada, Inc.*, 617 F.3d 1146, 1152 (9th Cir. 2010).

12. To that end, the Ninth Circuit has "adopted a two-part test to determine whether a state law claim is preempted by the Act. We must first determine whether the 'subject matter' of the state law claim falls within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103. Second, assuming that it does, we must determine whether the rights asserted under state law are equivalent to the rights contained in 17 U.S.C. § 106, which articulates the exclusive rights of copyright holders." *Id.* at 1152-53. Thus, whether a claim is preempted under § 301 turns "on whether the rights asserted by the plaintiff are equivalent to any of the exclusive rights within the general scope of the copyright." *Id.* at 1154-55 (finding plaintiff's right of publicity claims preempted by copyright law).

13. In this case, WWE owns the copyright in the video footage of the Interview that it allegedly posted and maintained on its website, which underlies Plaintiffs' claims for negligence, invasion of privacy, intentional infliction of emotional distress, negligent infliction of emotional distress, commercial appropriation of likeness, unjust enrichment, intentional tort, and accounting/constructive trust.

14. Mr. Green has admitted that he "was at all times material hereto employed by WWE as a road producer for digital production. His job was to conduct interviews with WWE wrestlers after wrestling matches/exhibitions." *See* Complaint ¶ 6. As a matter of copyright law, therefore, the video footage of the Interview was a work made for hire, the copyright in which is owned by WWE as his employer. *See* 17 U.S.C. §§ 101 ("A 'work for hire' is (1) a work prepared by an employee within the scope of his or her employment . . . .") & 201(b) ("In the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author for purposes of this title, and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright.").

15. Additionally, Mr. Green signed an "Intellectual Property Release and Waiver" when he entered into his employment for WWE and expressly agreed, in pertinent part, as follows:

> The undersigned certifies that he/she may be photographed, videotaped or otherwise recorded by WWE in connection with his/her employment ("Footage"). The undersigned grants WWE the sole and exclusive right, including the right to authorize others, to use and incorporate the Footage, in whole or in part, in conjunction with other photographs and footage and the right to use the undersigned's name, voice, likeness and/or biographical information (collectively, "Likeness") in connection with the exploitation, advertising, promotion and/or packaging of the Footage and/or any other product into which the Footage may be incorporated, including but not limited to, radio, television, Internet, home video or other motion picture programs or sound recordings ("Products") at such times and in such manner as WWE may elect in perpetuity throughout the world, and to broadcast, exhibit and/or exploit the same in any and all media, whether now or hereafter known or devised.
>
> *   *   *
>
> The undersigned further acknowledges and agrees . . . that the undersigned shall not be entitled to any further payments, residuals, monies or other compensation other than the undersigned's regular salary arising out of WWE's exploitation of the Footage and/or Likeness in any manner; that the undersigned, on behalf of his/her heirs, successors and assigns, hereby releases, discharges and agrees to save and hold harmless WWE and/or its assignee from any and all claims of liability arising out of any use of the Footage and/or Products; and that the Footage shall be the sole and exclusive property of WWE in perpetuity. In this regard, the Footage shall be deemed created for the benefit of WWE to qualify as a Work for Hire as defined by the Copyright Act of 1976. To the extent the Footage is deemed not to qualify as Work for Hire, the undersigned herewith assigns to WWE all right, title and interest throughout the world, in the copyright in the Footage for the full duration of all such rights, and any renewals or extensions thereof; including but not limited to the exclusive right to enforce, and to obtain registrations of, the copyrights in the Footage in the United States and throughout the world.

6

1  *See* Intellectual Property Release and Waiver attached as Exhibit 2.

2     16.    Thus, WWE is the sole owner of the copyright in the video footage of the Interview and Mr. Green explicitly released WWE from all claims of liability – including, specifically, those claims asserted in this lawsuit – arising out of the exploitation of such footage. Plaintiffs' state law claims involve nothing more than an attempt to interfere with WWE's exercise of its exclusive rights under § 106 of the Copyright Act in violation of the express Intellectual Property Release and Waiver that Mr. Green signed.

    17.    Courts consistently hold that where, as here, a plaintiff consents to being filmed only to later bring state law claims for invasion of privacy, commercial appropriation of likeness, and the like against a defendant who is doing no more than reproducing, distributing and/or publicly performing or displaying the defendant's lawfully-owned copyrighted work, the plaintiff's claims are preempted by federal copyright law. *See*, *e.g.*, *Jules Jordan*, 617 F.3d at 1153-55; (essence of performer's right of publicity claim was that "defendants reproduced and distributed the DVDs without authorization," and thus, claim was preempted by the Copyright Act); *Baltimore Orioles, Inc. v. MLB Players Assoc.*, 805 F.2d 663 (7th Cir. 1986) (players' right of publicity claims preempted where they consented to the fixation of their performances in a copyrightable form); *Fleet v. CBS, Inc.*, 50 Cal.App.4th 1911, 1925 (Cal. App. Ct. 1996) (actor's right of publicity claim brought after participating in film production "subsumed by copyright law and preempted"). Indeed, WWE has previously succeeded in foreclosing such baseless and preempted claims by prior plaintiffs seeking to interfere with WWE's exclusive copyrights. *See Somerson v. Vincent K McMahon, Linda E. McMahon and World Wrestling Entertainment, Inc.*, C.A. No. 1:12-cv-00043-MHS, at **21-22 (N.D. Ga. August 24, 2012) (granting WWE's motion to dismiss plaintiff's claims for violation of his right to publicity and invasion of privacy based on WWE reproducing video recordings depicting plaintiff, preparing derivative works based on video recordings of plaintiff, and distributing copies of video recordings of these video recordings, as preempted by the Copyright Act); *Blood v. Titan Sports Inc.*, No. 3-94-CV-307 P, at *19 (W.D.N.C. May 13, 1997) (granting WWE summary judgment because

1  plaintiff's state law claims for misappropriation of name and likeness in violation of his right
2  of publicity, invasion of privacy, unfair trade practices, unfair competition, and unjust
3  enrichment were preempted by Copyright Act which governed videocassette tapes at issue).

4      18. On the basis of the above, this Court has jurisdiction over the present action
5  pursuant to its federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338, and as such,
6  removal to this Court is proper.

7      19. This Court should exercise its supplemental jurisdiction over Plaintiffs' claims
8  against WWE for negligent hiring, negligent retention, and negligent training/supervision
9  pursuant to 28 U.S.C. § 1367, as those claims form part of the same case or controversy under
10 Article III of the United States Constitution. *See City of Chicago v. Int'l College of Surgeons*,
11 522 U.S. 156, 165 (1997), *quoting* 28 U.S.C. § 1367(a) ("[O]nce the case was removed, the
12 District Court had original jurisdiction over [Defendant's] claims arising under federal law,
13 and thus could exercise supplemental jurisdiction over the accompanying state law claims so
14 long as those claims constitute "other claims that ... form part of the same case or
15 controversy."); *Adger v. Beyda*, No. CIV-10-2118-PHX-MHB, 2011 WL 2268962, at *1 (D.
16 Ariz. June 9, 2011) ("Because the Court has original federal question jurisdiction over the §
17 1983 claim, Defendants properly removed this case. *See* 28 U.S.C. § 1441(a). Further, under
18 28 U.S.C. § 1367(a), the Court may exercise supplemental jurisdiction over Plaintiff's state
19 law claims.").

20     20. Removal of this action is timely under 28 U.S.C. § 1446(b), because this
21 Notice of Removal is being filed within thirty (30) days of service of process on WWE on
22 April 19, 2013.

23     21. No other Defendant has been served as of the filing of this Notice of Removal.

24     22. In accordance with 28 U.S.C. § 1446(d) and Rule 3.6 of the Rules of Practice
25 of the United States District Court for the District of Arizona, written notice of the filing of
26 this Notice of Removal promptly will be given to the adverse parties, and a true and correct
27 copy of this Notice of Removal is on this date being filed with the Clerk of the Superior
28 Court.

23. In accordance with Rule 3.6, the following documents are being filed in this Court concurrently with this Notice of Removal: Civil Cover Sheet, AO Form JS-44; Supplemental Civil Cover Sheet for Cases Removed from Another Jurisdiction.

24. WWE intends to preserve all of its rights and defenses.

WHEREFORE, WWE hereby gives notice that the State Court Action is hereby removed to this Court.

RESPECTFULLY SUBMITTED this 9th day of May, 2013.

        ALVAREZ & GILBERT, PLLC

        By  /s/ John T. Gilbert
           John T. Gilbert, #004555
           Thomas V. Rawles, #004425
           Northsight Financial Center
           14500 N. Northsight Blvd., Suite 216
           Scottsdale, Arizona 85260

        K&L GATES, LLP
        Jerry S. McDevitt  (*pro hac vice* to be filed)
        Curtis B. Krasik  (*pro hac vice* to be filed)
        K&L Gates Center
        210 Sixth Avenue
        Pittsburgh, PA 15222
        Attorneys for Defendant
          World Wrestling Entertainment, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2013, I electronically transmitted the foregoing Notice of Removal to the Clerk's Office of the United States District Court for the District of Arizona, using the CM/ECF System for filing and transmittal of a Notice of Electronic filing to the following recipient:

>George E. Mueller
>MUELLER LAW GROUP, P.A.
>2141 East Camelback Road, Suite 100
>Phoenix, Arizona 85016
>Email:  mschaefer@muellerlawgroup.com
>
>Hartley Bernstein
>BERNSTEIN CHERNEY, LLP
>777 Third Avenue
>New York, NY 10017
>Email:  hbernstein@bernsteincherney.com

By */s/ Diane Ashworth*