BERNSTEIN CHERNEY, L.L.P.
777 Third Avenue
New York, NY 10017
Telephone: (212) 381-9684
Facsimile: (646) 304-9535
E-mail: hbernstein@bernsteincherney.com
Hartley Bernstein (1050178 NY) (Pro Hac Vice AZ)

MUELLER LAW GROUP, P.A.
2141 East Camelback Road, Suite 100
Phoenix, Arizona 85016
Telephone: (602) 222-9800
Facsimile: (888) 411-1236
E-mail: mschaefer@muellerlawgroup.com
George E. Mueller (015209)

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ANDREW GREEN and STACI GREEN, Husband and Wife, | CASE NO. 2:13-cv-00967-GMS |
| Plaintiffs, | |
| v. | |
| PAUL D. WIGHT, JR., a/k/a BIG SHOW®, an individual, WORLD WRESTLING ENTERTAINMENT, INC., a foreign corporation doing business in Arizona, DOES 1-30, XYZ CORPORATIONS 1-30, and BLACK AND WHITE PARTNERSHIPS 1-30, | |
| Defendants. | **PLAINTIFFS' MOTION TO REMAND** |

Plaintiffs Andrew and Staci Green, by and through undersigned counsel, hereby move this honorable Court for an Order remanding this matter for further proceedings to the Maricopa

1

County Superior Court. This Motion is based on the fact that Defendant World Wrestling Entertainment, Inc. has not met its burden to prove that this Court has jurisdiction over this matter. Specifically, it has failed to demonstrate that this court has federal question jurisdiction on the basis of this case arising under federal copyright law. 28 U.S.C. §§1331 and 1338.

This Motion is made pursuant to 28 U.S.C. §1447(c), and supported by the accompanying Memorandum of Points and Authorities, the Amended Complaint filed in this action which is attached as Exhibit 1, and copies of decisions in *Bierman v. Toshiba Corporation*, attached as Exhibits 2 and 3, all of which are incorporated herein by this reference.

RESPECTFULLY SUBMITTED this 10th day of June, 2013.

                                        MUELLER LAW GROUP, P.A.

                                        /s/ George Mueller
                                        George E. Mueller

                                        BERNSTEIN CHERNEY LLP

                                        /s/ Hartley T. Bernstein
                                        Hartley T. Bernstein
                                        Attorney for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND

Plaintiffs Andrew and Staci Green ("Green"), offer this Memorandum of Law in support of their motion pursuant to 28 U.S.C.§1447(c) to remand this matter to the Maricopa County Superior Court.

As established below, Plaintiffs' Amended Complaint does not raise any federal question giving this Court original jurisdiction under 28 U.S.C. §§1331 and 1338. There is, therefore, no basis for removal of this matter under 28 U.S.C.§1441(a) from the Superior Court of the State of Arizona.

## I. PRELIMINARY STATEMENT

### A. History of Proceedings

On April 5, 2013, Plaintiffs instituted this action by filing a summons and complaint in the Superior Court for the State of Arizona, Maricopa County. A copy of the Complaint is attached to Defendant World Wrestling Entertainment, Inc.'s Notice of Removal as Ex. 1, and incorporated herein and made a part hereof. The Complaint charged defendant WWE with negligence, assault, battery, negligent infliction of emotional distress, intentional infliction of emotional distress, invasion of privacy, commercial appropriation of likeness, unjust enrichment/restitution, intentional tort, accounting/constructive trust, negligent hiring, negligent retention, negligent training and supervision and loss of consortium.

On May 9, 2013, Defendant World Wrestling Entertainment, Inc. ("WWE") removed the matter to the United States District Court for the District of Arizona on the

ground that plaintiffs' "claims are completely preempted by federal copyright law and, therefore 'arise under' federal law for purposes of federal question jurisdiction." Defendant's Notice of Removal, ¶8.

On June 6, 2013, Plaintiffs filed their Amended Complaint, which is attached as Ex. 1. The Amended Complaint no longer includes causes of action charging WWE with invasion of privacy, commercial appropriation of likeness, unjust enrichment/restitution or accounting/constructive trust.

**B.     Factual Background**

This action centers upon an incident that occurred on January 27, 2013 at the U.S. Airlines Arena in Phoenix, Arizona. (Amended Complaint ¶ 29). On that date, Plaintiff Andrew Green was assaulted by defendant Paul D. Wight, Jr. a/k/a "Big Show' ("Big Show"), a professional wrestler employed by WWE, following a pay-per-view wrestling event organized and conducted by WWE. (Amended Complaint ¶¶ 37-43). Green, who was employed by WWE as a road producer for digital productions, had been assigned by WWE to conduct an on-camera interview with Big Show after the conclusion of Big Show's staged and orchestrated wrestling match with an individual known as Alberto Del Rio. (Amended Complaint ¶¶ 6, 30-33). Rather than participate in the interview, Big Show violently attacked and assaulted Green, causing him physical and emotional injuries (the "Attack"). (Amended Complaint ¶¶ 42-43, 65). The Attack upon Green was unanticipated and unprovoked. Because a video camera operator was present at the time, the Attack was captured on film. (Amended Complaint ¶ 44). WWE subsequently posted

the videotape of the Attack, removing it approximately two days later after it had received approximately 100,000 page views. (Amended Complaint ¶¶ 62, 70, 71).

The Amended Complaint seeks damages based upon the Attack and the subsequent emotional damages suffered by Green as a result of WWE posting the Attack on the Internet.

## II. ARGUMENT AND LAW

**THIS ACTION WAS NOT PROPERLY REMOVED TO FEDERAL DISTRICT COURT BECAUSE PLAINTIFFS HAVE NOT RAISED ANY ISSUES UNDER FEDERAL COPYRIGHT LAWS.**

WWE removed this case to the District Court, claiming that it "arises under" federal copyright laws and is, therefore, subject to removal under 28 U.S.C. §§ 1441 and 1446. WWE contends that virtually every cause of action set forth in the original Complaint was predicated upon its Internet broadcast of the videotaped Attack. That assertion is inaccurate. This action centers upon the unauthorized, violent Attack upon Green, the physical and emotional damages it caused, and the emotional distress suffered by Green once that Attack was posted by WWE on the Internet. Those claims are grounded in tort, not in federal copyright law. The sole remaining claims in the Amended Complaint with respect to the videotape of the Attack relate to the intentional and negligent infliction of emotional distress and related injuries upon Green; they do not sound in copyright.

WWE has distorted Plaintiffs' claims in order to create the impression that this action involves federal copyright claims which are preempted by the federal courts. In substance, the WWE argues that Green was a WWE employee, the videotape was a work

made for hire, and the recording and publication of the Attack constitute copyright protected property of WWE. To further support this claim, WWE notes that Green signed an "Intellectual Property Release and Waiver," granting WWE "sole and exclusive right" to any videotape recorded by WWE in connection with Green's employment (the "Limited Release"). *See* Intellectual Property Release and Waiver attached to Defendant's Notice of Removal as Exhibit 2. The Limited Release provides, more specifically that:

> The undersigned certifies that he/she may be photographed, videotaped or otherwise recorded by WWE <u>in connection with his/her employment</u> ("Footage"). The undersigned grants WWE the sole and exclusive right, including the right to authorize others, to use and incorporate the Footage, in whole or in part, in conjunction with other photographs and footage and the right to use the undersigned's name, voice, likeness and/or biographical information (collectively, "Likeness") in connection with the exploitation, advertising, promotion and/or packaging of the Footage …The undersigned further acknowledges and agrees . . . that the undersigned shall not be entitled to any further payments, residuals, monies or other compensation other than the undersigned's regular salary arising out of WWE's exploitation of the Footage and/or Likeness in any manner; that the undersigned, on behalf of his/her heirs, successors and assigns, hereby releases, discharges and agrees to save and hold harmless WWE and/or its assignee from any and all claims of liability arising out of any use of the Footage and/or Products; and that the Footage shall be the sole and exclusive property of WWE in perpetuity. In this regard, the Footage shall be deemed created for the benefit of WWE to qualify as a Work for Hire as defined by the Copyright Act of 1976. (Emphasis added)

WWE's theory is fatally flawed. WWE's rights under the Limited Release are limited to circumstances where Green was photographed or videotaped "in connection with his employment." There is no viable argument that the Attack was "in connection

with" Green's employment by WWE. Green was employed to conduct interviews, not to ward off assaults by WWE wrestlers. WWE cannot credibly claim that defending against such an assault was within Green's job description.

Indeed, WWE's conduct following the Attack reflects its understanding that the Attack was outside the scope of Green's employment. Although WWE posted the video on its website, it removed it approximately two days later for reasons that have not yet been disclosed. That conduct is a tacit admission that WWE was conscious of the problematic nature of the video and anxious to mitigate its damage. It is disingenuous for WWE to now claim that the Attack was filmed "in connection with" Green's employment; that it is, therefore, covered by the Limited Release; and, that all claims relating to the video are consumed by federal copyright law.

While WWE acknowledges that Plaintiffs "do not allege any federal claims," it suggests that various claims in the Complaint (most of which have been eliminated from the Amended Complaint)[15] are completely preempted by federal copyright law and, therefore, "arise under" federal law for purposes of federal question jurisdiction. 28 U.S.C. §§ 1331 and 1338. Prevailing authorities do not support that view. "For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law. *Franchise Tax Bd*. v. *Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). "[A] right or immunity created by the … laws of the United States

---

[15] The Amended Complaint no longer contains claims for invasion of privacy, commercial appropriation of likeness, unjust enrichment/restitution, and accounting/constructive trust.

must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First National Bank,* 299 U.S. 109, 112 (1936). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987).

WWE cannot justify removal of this case by suggesting that it plans to raise defenses under the Copyright Act, even though Plaintiffs assert no copyright claims. "A defense is not part of a plaintiff's properly pleaded statement of his claim." *In Re Miles*, 480 F3d 1083, 1088 (9th Cir. 2005). Therefore, "a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams,* 482 U.S. supra at 393.

Although these authorities demonstrate that removal was not warranted in this case, WWE seeks to rely upon a narrow exception to the prevailing rule. Under the "artful pleading" doctrine, a well-pleaded state law claim presents a federal question when a federal statute has completely preempted that particular area of law. *See Balcorta v. Twentieth Century-Fox Film Corp.,* 208 F.3d 1102, 1107 (9th Cir.2000). "[A]ny claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.* A complaint containing a completely preempted claim may be removed to district court under § 441. *Beneficial Nat'l Bank v.*

*Anderson,* 539 U.S. 1, 8 (2003). *Hall v North American Van Lines*, 476 F3d 683 (9th Cir. 2007).

This exception has been applied, however, in only narrow and limited circumstances. "The Supreme Court has construed only three federal statutes to so preempt their respective fields as to authorize removal of actions seeking relief exclusively under state law: section 301 of the Labor and Management Relations Act ("LMRA"), 29 U.S.C. § 185; section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132; and sections 85 and 86 of the National Bank Act, 12 U.S.C. §§ 85, 86." *In Re Miles*, 430 F3d 1083 (9th Circuit 2005). Removal is appropriate under the complete preemption doctrine only when Congress has clearly intended federal jurisdiction to be exclusive. *Beneficial Nat'l Bank,* 539 U.S. 1, 6-8, 11 (2003).

Notably, the Supreme Court has not placed copyright laws within that narrow class of statutes. Federal Circuit Courts are divided on the issue. While the Second, Fourth, Fifth, and Sixth Circuits have endorsed the notion that the Copyright Act merits complete preemption (*Ritchie v. Williams,* 395 F.3d 283, 285 (6th Cir.2005); *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.,* 373 F.3d 296, 304–06 (2d Cir.2004). *Rosciszewski v. Arete Assocs., Inc.,* 1 F.3d 225, 232–33 (4th Cir.1993); *Globe-Ranger Corp. v. Software AG*, 691 F.3d 702, 705 (5th Cir. 2012)), the Third Circuit has expressly declined to do so (*Bd. of Chosen Freeholders of Cnty. of Burlington v. Tombs,* 215 Fed. Appx. 80, 82 (3d Cir.2006).

Perhaps most significantly here, the Ninth Circuit pointedly avoided the opportunity to apply complete preemption to the Copyright Act. *Bierman v. Toshiba*, 473 Fed.Appx. 756 (9th Cir. 2012); *Bierman v. Toshiba Corp.*, No. C-10-4203 MMC, 2010 WL 4716879 (Nov. 12, 2010). While the District Court in *Bierman* expressed its view that complete preemption should be applied to federal copyright cases, it noted that the Ninth Circuit had not done so. *Bierman v. Toshiba Corp.*, No. C-10-4203 MMC, 2010 WL 4716879 fn.1 (Nov. 12, 2010). The District Court remanded the case to state court holding that no federal copyright claims existed which required the District Court to maintain jurisdiction.

The facts in *Bierman* are compelling, and remarkably similar to this case. In *Bierman*, the Complaint alleged that the defendant had been unjustly enriched when it made certain misrepresentations to obtain copyrighted software from plaintiff. The District Court noted that this claim, which essentially asserted that defendant had benefited from its use of copyrighted material, was preempted by federal copyright law. It concluded, however, that the preemption doctrine would not apply because plaintiff had effectively withdrawn its claim of unjust enrichment and instead argued instead that the defendant had breached secret agreements and improperly used trade secrets. Those allegations were not preempted by copyright laws.

Plaintiffs in the instant case have also dropped their claims of unjust enrichments (as well as those charging invasion of privacy, commercial appropriation of likeness and seeking an accounting). No discernible issues remain which are arguably based upon federal copyright law. Notably, while the District Court seemingly signaled its approval

10

of the complete preemption doctrine in *Bierman*, on appeal the Ninth Circuit declined the District Court's tacit invitation to extend the concept to federal copyright law, instead affirming the District Court decision on other grounds. *Bierman,* 473 Fed.Appx. 756 fn.2 (9th Cir. 2012).

The Ninth Circuit has clearly signaled its reluctance to add federal copyright claims to those limited statutes which compel complete preemption. Given that fact, the revised pleadings embodied in the Amended Complaint, and the factual circumstances giving rise to these claims, removal of this case was not justified. WWE attempts to portray Plaintiffs' claims as something they are not. Given the authorities strongly militating against removal under these circumstances, this matter should be remanded in its entirety to the Superior Court of the State of Arizona.

## III. CONCLUSION

For all of the foregoing reasons, Plaintiffs' motion should be granted and this case should be remanded to the Maricopa County Superior Court.

RESPECTFULLY SUBMITTED this 10th day of June, 2013.

          MUELLER LAW GROUP, P.A.

          /s/ George Mueller
          George E. Mueller

          BERNSTEIN CHERNEY LLP

          /s/ Hartley T. Bernstein
          Hartley T. Bernstein
          Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2013, I electronically transmitted Plaintiffs' Motion to Remand to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants.

John Gilbert, Esq.
Thomas Rawles, Esq.
*Alvarez & Gilbert, P.L.L.C.*
14500 N. Northsight Blvd., Suite 216
Scottsdale, AZ 85260

Jerry McDevitt, Esq.
Curtis Krasik, Esq.
*K&L Gates, L.L.P.*
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Attorneys for Defendant WWE

Edward Brennen, Esq.
*The Law Offices of Edward M. Brennen, P.A.*
505 E. Jackson Street, Suite 200
Tampa, FL 33602
Attorney for Defendant Wight

By: /s/ Megan Schaefer
    Megan Schaefer, Certified Paralegal