WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew Green and Staci Green, husband and wife, | No. CV-13-00967-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Paul D. Wight, Jr., an individual aka Big Show; World Wrestling Entertainment Incorporated, a foreign corporation dba in Arizona; et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' Motion to Remand to State Court. (Doc. 18.) For the reasons discussed below, the Motion is granted.

**BACKGROUND**

Plaintiff Andrew Green was employed by Defendant WWE as a road producer for digital production, which required him to conduct interviews with WWE wrestlers after matches and exhibitions. (Doc. 15 at 2.) Defendant Paul D. Wight, Jr. (a.k.a. "Big Show") was an employee and/or agent of WWE who appeared as a wrestler in matches and exhibitions; however, WWE allegedly terminated him prior to the events underlying this suit. (*Id.* at 4–5.)

On January 27, 2013, WWE staged a "Royal Rumble" event at the U.S. Airways Arena in Phoenix, Arizona. (*Id.* at 6.) WWE directed Green to seek Big Show out for an interview after the event. (*Id.* at 7.) Green approached Big Show after his match and asked for an interview, at which time Big Show attacked him, grabbing him by the throat

1   and striking his face. (*Id.*) The attack was captured on tape. (*Id.* at 8.) Green alleges that

2   the attack was not feigned or staged. (*Id.*) WWE posted the video of the attack on its

3   website on January 27, 2013. (*Id.* at 9.) WWE took the video down two days later, but it

4   had received over 100,000 page views in the meantime. (*Id.* at 10.)

5       Green and his spouse filed suit against Big Show, WWE, and other unknown

6   parties in Maricopa County on April 5, 2013; WWE was served on April 19, 2013. (Doc.

7   1-1 at 8.) The Greens asserts claims of negligence, intentional infliction of emotional

8   distress, negligent infliction of emotional distress, and intentional tort claims, among

9   others, against WWE for posting the video of the attack on the internet. (Doc. 15 at 16–

10  17.) On May 9, 2013, WWE removed the case to this Court pursuant to 28 U.S.C. § 1441.

11  (Doc. 1.)

12                          **DISCUSSION**

13      The statutes related to removal are to be strictly construed. *Bertrand v. Aventis*

14  *Pasteur Laboratories, Inc.*, 226 F. Supp. 2d 1206, 1210 (D. Ariz. 2002). A defendant in a

15  state court civil action may only remove the case to federal court if the plaintiff's action

16  could have been properly filed in federal court. 28 U.S.C. § 1441. The plaintiff's right to

17  choose the forum trumps the defendant's right to remove, and uncertainties are to be

18  resolved in favor of remand. *Bertrand*, 226 F. Supp. 2d at 1210. The burden of

19  establishing federal jurisdiction falls on the party invoking the statute. *Ethridge v. Harbor*

20  *House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

21      WWE's notice of removal was premised on federal jurisdiction existing under 28

22  U.S.C. §§ 1331 and 1338. (Doc. 1 at 2–3.) Section 1331 provides that district courts have

23  original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties

24  of the United States." Section 1338 provides district courts with original jurisdiction over

25  any civil action arising under any Act of Congress relating to patents, copyrights, and

26  trademarks. However, federal jurisdiction exists only when a federal question is

27  presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v.*

28  *Williams*, 482 U.S. 386, 392 (1987). Thus, a plaintiff may choose to have its suit heard in

state court by eschewing its claims based on federal law. *Id.* at 399. A federal defense is insufficient to confer federal subject matter jurisdiction. *Id.* at 393. ("[A] case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.") This is known as the well-pleaded complaint rule.

However, there is an "independent corollary" to the above-stated rule if the state law claims are completely preempted by federal law. *Id.* Some federal statutes have such "extraordinary" preemptive force that state law claims are converted into federal claims for the purposes of the well-pleaded complaint rule. *Id.* (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). "The question in complete preemption analysis is whether Congress intended the federal cause of action to be the exclusive cause of action for the particular claims asserted under state law." *GlobeRanger Corp. v. Software AG*, 691 F.3d 702, 705–06 (5th Cir. 2012). WWE argues that the Copyright Act is a statute that Congress intended to be the exclusive cause of action. It asserts that the Greens' state law claims are based solely on WWE's display of the copyrighted video on the WWE website, and thus that the Greens' claims are converted into federal claims by the preemptive force of the Copyright Act.

Although not addressed by the Ninth Circuit, every circuit court that has faced the issue has found that Congress intended the Copyright Act to be the exclusive cause of action for copyright protection, completely preempting state-law claims in the field. *See GlobeRanger Corp. v. Software AG*, 691 F.3d 702, 706 (5th Cir. 2012); *Ritchie v. Williams*, 395 F.3d 283, 287 (6th Cir. 2005); *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004); *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 232–33 (4th Cir. 1993). Those courts noted the broad preemptive language of the statute[1]

---

[1] "On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright . . . are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State." 17 U.S.C. § 301(a).

and Congress's statement that it "intended [the statute] to be stated in the clearest and most unequivocal language possible, so as to foreclose any conceivable misinterpretation of its unqualified intention that Congress shall act preemptively." *Rosciszewski*, 1 F.3d at 232 (quoting H.R.Rep. No. 1476, 94th Cong., 2d Sess. 130 (1976)). They also noted the Copyright Act's grant of exclusive jurisdiction to federal district courts "as strong evidence that Congress intended copyright litigation to take place in federal courts." *Id.*; *see also* 28 U.S.C. § 1338 ("No State court shall have jurisdiction over any claim for relief arising out of . . . copyrights.")

The Greens' arguments to the contrary are not persuasive. They first argue that the Third Circuit expressly declined to find that the Copyright Act is completely preemptive. The case they cite, however, involved a plaintiff seeking a copy of a government map without having to pay for it. *Bd. of Chosen Freeholders of Cnty. of Burlington v. Tombs*, 215 F. App'x 80 (3d Cir. 2006). The Third Circuit found that the action arose under New Jersey's Open Public Records Act. *Id.* at 81. Though the defendant argued that federal copyright law completely preempted the plaintiff's claim, the Third Circuit held that the public records request simply did not touch upon copyright law: "[F]ederal copyright law does not wholly displace state statutory or common law rights to public records." *Id.* at 82.

The Greens also cite to a case out of the Northern District of California, and a Ninth Circuit decision affirming it, claiming that the pair of rulings shows the Ninth Circuit "pointedly avoiding the opportunity to apply complete preemption to the Copyright Act." (Doc. 18 at 10.) There, the District Court found that the plaintiff's claims did not fall within the scope of the Copyright Act, and thus would not be preempted regardless of whether the Copyright Act had completely preemptive force. *Bierman v. Toshiba Corp.*, No. C-10-4203 MMC, 2010 WL 4716879 at *1 (N.D. Cal. Nov. 12, 2010) *aff'd*, 473 F. App'x 756 (9th Cir. 2012). In affirming, the Ninth Circuit did not "pointedly avoid" the complete preemption issue, but affirmed without discussion the District Court's determination that the claims fell outside the Copyright Act's scope. 476

F. App'x at 757. The decision does not, as the Greens argue, signal the Ninth Circuit's reluctance to find the Copyright Act completely preemptive of state-law claims in the field.

The holdings of the circuit courts that have addressed the Copyright Act's preemptive effect are well-reasoned. The statute's plain language and legislative history both show that "Congress intended the federal cause of action to be the exclusive cause of action" for state-law claims in its field. *GlobeRanger*, 691 F.3d at 705–06. This is not, however, the end of the inquiry.

A two-part test governs whether the Copyright Act's scope reaches a particular state-law claim: "the particular work to which the claim is being applied [must fall] within the type of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103, and (2) the claim [must seek] to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law under 17 U.S.C. § 106." *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004). The first prong of the test is referred to as the "subject matter requirement," while the second prong is called the "general scope requirement." *Id.*

To meet the subject matter requirement, there must be an original work of authorship fixed in any tangible medium of expression. 17 U.S.C. § 102. Copyright protection also extends to compilations and derivative works of the original work of authorship. *Id.* § 103. Categories of copyrightable work include motion pictures and other audiovisual works. *Id.* § 102(a)(5). "A work need not consist entirely of copyrightable material in order to meet the subject matter requirement, but instead need only fit into one of the copyrightable categories in a broad sense." *Briarpatch*, 373 F.3d at 305. The Greens do not argue that the video of the attack is not an original work of authorship fixed in a tangible medium of expression.

The general scope requirement is satisfied when the right asserted under state law must be equivalent to the exclusive rights contained in 17 U.S.C. § 106. *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1003 (9th Cir. 2001). Section 106 grants the owner

1  of a copyright the exclusive rights to reproduce, distribute, perform, and display the
2  copyrighted work. "Thus, a right is equivalent to one of the rights comprised by a
3  copyright if it is infringed by the mere act of reproduction, performance, distribution or
4  display." *Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n*, 805 F.2d 663,
5  676–77 (7th Cir. 1986). To avoid preemption, "the state claim must protect rights which
6  are qualitatively different from the copyright rights. The state claim must have an 'extra
7  element' which changes the nature of the action." *Del Madera Properties v. Rhodes and
8  Gardner, Inc.*, 820 F.2d 973, 976 (9th Cir. 1987) (internal citations omitted). In other
9  words, the plaintiff must "allege as a basis for the claim, an element other than the
10 unauthorized use of the copyrighted work." *Nw. Home Designing Inc. v. Sound Built
11 Homes Inc.*, 776 F. Supp. 2d 1210, 1216 (W.D. Wash. 2011).

12      WWE argues that the Greens' state-law claims are preempted because they are
13 "expressly predicated on WWE's display of the video footage of the Interview on its
14 website." (Doc. 22 at 10.) The Greens' First Amended Complaint, however, alleges that
15 WWE's posting of the video on its website was tortious because it caused Green mental
16 harm, humiliation, and emotional injury. (Doc. 15 at 16–18.) The Greens have thus
17 alleged a basis for their tort claims that is not "the unauthorized use of copyrighted
18 work." The thrust of the Greens' tort claims is not that WWE's posting of the video was
19 unauthorized, but rather that its depiction of Green in an embarrassing light caused Green
20 harm. The rights that the Greens seek to protect, i.e., freedom from ridicule and
21 emotional distress, are qualitatively different from copyright rights. This additional
22 element of emotional harm, due not to unauthorized use but widespread humiliation,
23 changes the nature of the action from a copyright claim to a separate state-law tort claim.
24 Thus, the general scope requirement has not been satisfied.

25      WWE argues that "[i]t is well-settled in both the Ninth Circuit and elsewhere that
26 where a plaintiff consents to being filmed . . . state law claims based on the reproduction,
27 distribution and/or public performance or display of the defendant's lawfully-owned
28 copyrighted work . . . are preempted by federal copyright law." (Doc. 22 at 13.) WWE's

assertion is a simplification and distortion of the law. Ninth Circuit precedent is clear that a state law claim based on reproduction, distribution, performance, or display of a copyrighted work may avoid preemption if it involves an additional element that "transforms the nature of the action." *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1144 (9th Cir. 2006). That element is present in the Greens' claims of negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, and intentional tort. WWE's subsequent citations of cases finding the above claims preempted by the Copyright Act are thus distinguishable; in each of those cases, the court determined that there was no transformative element to the state law claim that made it qualitatively different from a claim arising under federal copyright law.

Thus, because WWE has failed to satisfy the general scope requirement, the Greens' claims against WWE are not preempted by federal copyright law. Though the Copyright Act is completely preemptive, it applies only to state-law claims that are in its field. It cannot convert to federal claims those state-law claims like the Greens' that fall outside its scope. WWE has thus failed to meet its burden of establishing federal jurisdiction to justify its removal of this case to federal court.

**IT IS THEREFORE ORDERED** that Andrew and Staci Green's Motion to Remand (Doc. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** directing the Clerk of Court to remand this action back to the Maricopa County Superior Court.

Dated this 17th day of September, 2013.

G. Murray Snow
United States District Judge

- 7 -